# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY<br>2800 South Taylor Drive<br>Sheboygan, WI 53081 | Civil Action No.:1:18-cv-437 |
| Plaintiff, | Judge: |
| v. | |
| UNITY KITCHEN & BATH, LLC<br>c/o Statutory Agent Xiao Min Li<br>1620 Linden Avenue<br>Portsmouth, OH 45662 | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| UNITY CABINET & GRANITE, INC.<br>c/o Statutory Agent Xin Y. Wang<br>6158 Delcrest Ct.<br>Fairfield, OH 45014 | |
| Defendants. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes the Plaintiff, Acuity, A Mutual Insurance Company (hereinafter referred to as "Acuity"), by counsel, and for its Complaint for Declaratory Judgment, states as follows:

## INTRODUCTION

1. This is a declaratory judgment action filed pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 for a declaration of rights and other relief under contracts of insurance.

2. Acuity seeks a declaration of right and obligations with respect to the defense and indemnification of Unity Cabinet and Granite, Inc. and Unity Kitchen and Bath, LLC.

## THE PARTIES

3. Acuity is a corporation domiciled in and a resident of the State of Wisconsin, and is licensed to transact insurance business in the Commonwealth of Kentucky.

4. Upon information and belief, Defendant Unity Cabinet & Granite, Inc. is an Ohio corporation with its principal office in Ohio.

5. Upon information and belief, Defendant Unity Kitchen & Bath, LLC is an Ohio limited liability company with its principal office in Ohio.

## VENUE AND JURISDICTION

6. This lawsuit is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the matter in controversy is between citizens of different states and exceeds the sum of $75,000.00.

8. The relief is specifically authorized pursuant to 28 U.S.C. § 2201.

9. There is a present and actual controversy between the parties.

10. Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391 because, among other grounds, the event giving rise to this dispute took place in this District.

## FACTUAL BACKGROUND

11. Acuity issued an insurance contract to Unity Kitchen & Bath, LLC under Policy Number X01158 ("the Acuity policy") with an effective policy period of August 10, 2013 – August 10, 2014. A copy of this Policy is attached hereto as Exhibit 1.

12. The Acuity policy provides threshold general liability coverage for damages the insured becomes legally obligated to pay because of bodily injury caused by an occurrence during the policy period. This threshold coverage is subject to various policy conditions,

including conditions requiring the insured's cooperation with Acuity in the investigation and handling of claims and lawsuits, and requiring notice to Acuity "as soon as practicable" of lawsuits that may potentially implicate coverage under the policy.

13. On or about March 4, 2016, Ai Min Liao filed a Complaint against Unity Kitchen & Bath, LLC ("Unity Kitchen") in the Butler County, Ohio Common Pleas Court, Case No. CV2016-03-0604. In the Complaint filed in Case No. CV2016-03-0604, Ai Min Liao asserted claims of negligence, respondeat superior, and negligent hiring, training, and supervision against Unity Kitchen.

14. On or about May 9, 2016, Ai Min Liao filed a Motion for Default Judgment against Unity Kitchen in Case No. CV2016-03-0604.

15. On or about July 19, 2016, Ai Min Liao obtained a default judgment against Unity Kitchen in Case No. CV2016-03-0604.

16. The Butler County Common Pleas Court conducted a hearing on damages and subsequently entered judgment in favor of Ai Min Liao in Case No. CV2016-03-0604 in the amount of $250,000.00 with interest at the statutory rate plus costs against Unity Kitchen.

17. On or about September 5, 2017, Ai Min Liao filed a Complaint against Unity Cabinet & Granite, LLC ("Unity Cabinet") and Unity Kitchen in the Butler County, Ohio Common Pleas Court, Case No. 2017-09-1987. In that Complaint, Ai Min Liao alleged that after receiving a judgment against it in Case No. CV2016-03-0604, Unity Kitchen transferred operation of its business over to Unity Cabinet, and ceased operations in order to avoid judgment. Ai Min Liao further alleged that Unity Cabinet is the mere alter ego of Unity Kitchen. Ai Min Liao further alleged that the judgment against Unity Kitchen from Case No. CV2016-03-0604 is enforceable against Unity Cabinet.

18. Acuity was first notified of Ai Min Liao's lawsuits against Unity Kitchen and Unity Cabinet on or about February 26, 2018. Acuity is providing a defense to Unity Kitchen and Unity Cabinet under a reservation of rights.

## **COUNT I**

19. Acuity incorporates by reference Paragraphs 1 through 18 as if fully set forth herein.

20. Acuity alleges that the policy issued to Unity Kitchen, Policy No. X01158 for the policy period of August 10, 2013 to August 10, 2014, provided no coverage for the allegations against Unity Kitchen and Unity Cabinet for the alleged damages asserted in Ai Min Liao's Complaints and the default judgment obtained by Ai Min Liao.

21. The Acuity policy's Bis-Pak Business Liability and Medical Expenses Coverage General Conditions provides, in pertinent part, as follows:

> We have no duty to provide coverage under this Coverage Part unless you and any other involved insured have fully complied with the Conditions contained in this Coverage Part.
>
> **2. Duties in the Event of Occurrence, Offense, Claim or Suit**
>
> a. You must see to it that we are notified as soon as practicable of an *occurrence* or an offense which may result in a claim. To the extent possible, notice should include:
>
> (1) How, when and where the *occurrence* or offense took place;
>
> (2) The names and addresses of any injured persons and witnesses; and
>
> (3) The nature and location of any injury or damage arising out of the *occurrence* or offense.
>
> b. If a claim is made or *suit* is brought against any insured, you must:
>
> (1) Immediately record the specifics of the claim or *suit* and the date received; and
>
> (2) Notify us as soon practicable.

You must see to it that we receive written notice of the claim or *suit* as soon as practicable.

**c.** You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or *suit*;

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation or settlement of the claim or defense against the *suit*; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

22. Defendants' late notice of Ai Min Liao's lawsuits to Acuity – notice given after a default judgment had already been entered against Defendant Unity Kitchen – was untimely under Acuity's policy and prejudiced Acuity's ability to protect its rights as well as its insured's rights under the insurance contract.

23. Furthermore, and/or in the alternative, the Acuity policy also contains exclusions, which may preclude coverage for the claims against Unity Kitchen and Unity Cabinet. The Bis-Pak Business Liability and Medical Expenses Coverage Form contains the following exclusions:

**EXCLUSIONS**

**1. Applicable to Business Liability Coverage**

**This insurance does not apply to:**

**a.** Expected or Intended Injury

*Bodily injury* or *property damage* expected or intended from the standpoint of the insured. This exclusion does not apply to *bodily injury* resulting from the use of reasonable force to protect persons or property.

\*\*\*

> **d.** Workers' Compensation and Similar Laws
>
> Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.
>
> **e.** Employers' Liability
>
> *Bodily injury* to:
>
> (1) An employee of the insured arising out of and in the course of:
>
> > (a) Employment by the insured; or
> > (b) Performing duties related to the conduct of the insured's business; or…

***

24. Furthermore, Acuity's Policy No. X01158 for the policy period of August 10, 2013 to August 10, 2014 designates Unity Kitchen & Bath, LLC as the Named Insured. Acuity's policy provides, in pertinent part, as follows:

### WHO IS AN INSURED

> **1.** If you are designated in the Declarations as:
>
> > **c.** A limited liability company, you are insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

***

> **3.** Any organization you newly acquire or form…will qualify as a Named Insured if there is no other similar insurance available to that organization. However:
>
> > **a.** Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier.

***

25. Coverage under Acuity's Policy is excluded for any organization acquired or formed more than 90 days after the date of acquisition or formation of the organization or the

end of the policy period, whichever is earlier. Records from the Ohio Secretary of State indicate that Unity Cabinet was incorporated in March 2013. Thus, Acuity has no obligation to provide either a defense or indemnification to Unity Cabinet for the claims of Ai Min Liao.

26. Acuity submits that an actual and justiciable controversy exists among the parties that can be resolved by a declaratory judgment.

27. In light of this controversy, Acuity respectfully requests that this Court issue a declaration of rights and duties of the parties hereto and to declare that Acuity owes no duty to defend and/or to indemnify Unity Kitchen & Bath, LLC and Unity Cabinet & Granite, Inc. against the claims of Ai Min Liao, alleged damages, and default judgment.

WHEREFORE, Acuity prays for a declaration that it owes no coverage or duty to defend or indemnify Unity Cabinet and Unity Kitchen with respect to Ai Min Liao's claims, alleged damages, and default judgment. The Court should declare that Ai Min Liao's claims, alleged damages, and default judgment fall outside the coverage provided by, or are excluded from coverage under the Acuity policy, and/or coverage is barred by late notice and prejudice caused thereby.

Respectfully submitted,

*/s/ Katherine L. Kennedy*
Katherine L. Kennedy (0079566)
LEWIS, BRISBOIS, BISGAARD & SMITH, LLC
201 East Fifth Street
Suite 1900, Office 1975
Cincinnati, OH 45202
kate.kennedy@lewisbrisbois.com
Phone: (513) 808-9911
Fax: (859) 663-9829
*Attorney for Plaintiff, Acuity, A Mutual Insurance Company*